# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RUBEN O. FAVELA

    Plaintiff,

v.                                                      No. 17-cv-0568 JB-SMV

LAS CRUCES POLICE DEPARTMENT,
MATTHEW DOLLAR, MANUEL SOTO,
PHC-LAS CRUCES, INC., DANIELLE WILHELM,
JAMES PROCTOR, JAMIE PITTS,
JOSE REVELES, CASSANDRIA BRANCH,
and JOHN DOES 1–2,

    Defendants.[1]

## SCHEDULING ORDER

THIS MATTER is before the Court on an in-person Rule 16 scheduling conference held on October 31, 2018. The parties' Joint Status Report and Provisional Discovery Plan [Doc. 49] is adopted, except as modified below. The Court will permit discovery as follows:

1.     50 Interrogatories per side;

2.     50 Requests for Production per side;

3.     No limit on the number of Requests for Admission served by each party at this time;[2]

4.     12 depositions per side;

5.     Depositions limited to 4 hours on the record unless extended by agreement of the parties, except depositions of parties and experts, which are limited to 7 hours on the record unless extended by agreement of the parties.

---

[1] Defendant Las Cruces Police Department was voluntarily dismissed from the case pursuant to Fed. R. Civ. P. 41(a) on May 30, 2017. [Doc. 3]. The Court granted summary judgment in favor of Defendants Matthew Dollar and Manuel Soto and dismissed them on September 21, 2018. [Doc. 47].

[2] Requests for Admission are subject to the deadline for termination of discovery.

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. § 473(a)(1), this case is assigned to a **"complex" (240-day)** track classification. The Court sets the following case management deadlines:

| | |
|---|---:|
| Plaintiff moves to amend the pleadings or join additional parties by[3]: | **December 12, 2018** |
| Defendant moves to amend the pleadings or join additional parties by[3]: | **December 28, 2018** |
| Plaintiff discloses experts and provides expert reports or summary disclosures by[4]: | **April 29, 2019** |
| Defendant discloses experts and provides expert reports or summary disclosures by[4]: | **May 29, 2019** |
| Termination of discovery: | **June 28, 2019** |
| Motions relating to discovery filed by[5]: | **July 18, 2019** |
| Pretrial motions other than discovery motions filed by: | **July 29, 2019** |
| Proposed Pretrial Order due from Plaintiff to Defendant by: | **September 13, 2019** |

---

[3] Amendment must comply with Fed. R. Civ. P. 15(a).
[4] The parties must disclose every expert witness who is expected to testify, even if the expert is not required to submit an expert report. *See* Fed. R. Civ. P. 26(a)(2)(B)–(C); D.N.M.LR-Civ. 26.3(b). Summary disclosures are, under certain circumstances, required of treating physicians. *Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1180 (D.N.M. 2007) (Treating physicians who do not submit Rule 26 expert reports may only testify "based on . . . personal knowledge and observations obtained during [the] course of care and treatment[.]"); *see Blodgett v. United States*, 2008 WL 1944011, at *5 (D. Utah May 1, 2008) (unpublished) ("[T]reating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient.").
[5] *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. The discovery motions deadline does not extend the 21-day time limit in D.N.M.LR-Civ. 26.6 (Party served with objection to discovery request must file motion to compel within 21 days of service of objection. Failure to file motion within 21 days constitutes acceptance of the objection.).

| | |
|---|---|
| Proposed Pretrial Order due from Defendant to Court by[6]: | **September 27, 2019** |

Discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause. Discovery must be completed on or before the discovery deadline. Accordingly, service of written discovery is timely only if the responses are due prior to the discovery deadline. A notice to take deposition is timely only if the deposition takes place prior to the discovery deadline. The pendency of dispositive motions does not stay discovery.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[6] The Proposed Pretrial Order must provide that no witnesses, except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than 30 days prior to the time set for trial. Any exceptions thereto must be upon order of the Court for good cause shown.